UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RONALD E. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No.: 3:12-cv-649-PLR-CCS |
| CITY OF JEFFERSON CITY, TENNESSEE, ) | |
| Et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff, Ronald E. Wilson, filed this action against his former employer alleging wrongful discharge and violation of due process. On May 3, 2013, this court entered judgment dismissing the case due to Wilson's failure to respond to defendants' motion to dismiss or the court's show cause order. This matter is before the court on Wilson's motion to set aside the court's May 3, 2013, judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure [R. 8]. Defendants have responded in opposition, stating that Wilson's motion should be dismissed because it was not filed within a reasonable time as required by Rule 60(b)(6) [R. 12]. For the reasons which follow, the

court agrees that Wilson's motion was not filed within a reasonable time after his case was dismissed; therefore, his motion to set aside the judgment will be denied.

## I.  Background

Wilson originally filed his complaint in the Circuit Court for Jefferson County on October 19, 2012.  Defendants timely removed the action to this court on December 17, 2012, and thereafter, filed a motion to dismiss.  When Wilson failed to respond to the motion to dismiss, the court on April 16, 2013, issued an order for Wilson to show cause why the motion to dismiss should not be granted.  Wilson failed to respond, and the court dismissed his case on May 3, 2013.

As grounds for his motion to set aside the judgment, Wilson states that, despite his best efforts, his attorney failed to keep him abreast of the case, and he did not learn of the dismissal of his case until October 21, 2013.  After several months of searching for new counsel, Wilson was able to retain an attorney, and he filed the instant motion for relief from judgment on April 30, 2014.

## II.  Analysis

Wilson moves to set aside the court's May 3, 2013, judgment pursuant to Federal Rule of Civil Procedure 60(b) which provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceedings for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not

> have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. The motion shall be made within a reasonable time . . . .

Fed.R.Civ.P. 60(b)-(c). The decision to grant or deny relief pursuant to Rule 60(b) is within the discretion of the court. *See Smith v. Sec. of Health & Human Servs.,* 776 F.2d 1330, 1332 (6th Cir. 1985). Plaintiff bears the burden of establishing the applicability of Rule 60(b). *Jinks v. Allied Signal Inc.,* 250 F.3d 381, 385 (6th Cir. 2001).

Wilson contends that clause (6) of Rule 60(b) applies in this case. He asserts that his lawsuit was dismissed because his former attorney failed to respond to both a motion to dismiss and an order to show cause. Wilson states he was in regular contact with his attorney to discuss both the status and strategy of the lawsuit, and the case status was misrepresented to him by his former attorney. Wilson moves the court for relief from the order dismissing his case and to allow him to respond to the motion to dismiss previously filed against him.

The Sixth Circuit has recognized that Rule 60(b)(6) applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of Rule 60(b). *See McCurry v. Adventist Health System/Sunbelt, Inc.,* 298 F.3d 586, 592 (6th Cir. 2002). "Exceptional circumstances" under Rule 60(b)(6) means "unusual and extreme circumstances where principals of equity mandate relief" and the party must show that absent relief, extreme and undue hardship will result. *Olle v. Henry and*

*Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990). The parties agree that, to obtain the requested relief pursuant to Rule 60(b)(6), Wilson must establish that his former attorney engaged in gross negligence, that Wilson was free from fault, and that the motion was made within a reasonable time. *Fuller v. Quire,* 916 F.2d 358, 361 (6th Cir. 1990).

The court finds that Wilson's attorney's conduct in this case constitutes gross negligence. The attorney failed to respond to the motion to dismiss. Nor did the attorney respond to the court's show cause order. Moreover, despite Wilson's repeated attempts to learn the status of the case, his attorney either failed to respond or misrepresented the status of the case. The case was dismissed on May 3, 2013, but Wilson did not learn of the dismissal until October 21, 2013. It does not appear from the record that Wilson encouraged, caused, or even acquiesced in his attorney's misconduct. Instead, it appears that Wilson was reasonably diligent in his efforts to determine the status of his case.

Next, the court must consider the timeliness of Wilson's motion. A Rule 60(b)(6) motion must be made within "a reasonable time." *Fuller*, 916 F.2d at 360. In determining whether the motion was filed within a reasonable time, the court may consider "such factors as the interest in finality, the reason for the delay, the ability of the party to learn earlier of the grounds relied on and prejudice to the opposing party." *United States v. Real Property Known and Numbered as 429 South Main Street, New Lexington, Ohio,* 906 F.Supp. 1155, 1164 (S.D.Ohio 1995).

Here, Wilson does not explain why he waited six months to file his motion. His Affidavit states that he learned of the dismissal of his case on October 21, 2013. Rather

4

than immediately contact the court, Wilson chose to pursue disciplinary charges against his former attorney with the Tennessee Board of Professional Responsibility. While his Affidavit is silent on exactly when he made his complaint to the Tennessee Board of Professional Responsibility, the Board informed Wilson that it was filing formal disciplinary charges against his former attorney on March 27, 2014. Wilson then waited another month before filing the instant motion. Public policy favors the final of judgments. The court finds that Wilson's delay of over six months in moving for relief from the court's Order constitutes an unreasonable amount of time under the facts of this case. Allowing Wilson to reopen this matter, which has been dismissed now for over a year, is incompatible with the preference for finality of judgments, and unquestionably prejudices defendants. Accordingly, Wilson's motion for relief from judgment pursuant to Rule 60(b)(6) is **DENIED.**

    **IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**